CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

JUL 28 2009

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| BARBARA L. JONES, | ) | CASE NO. 4:08CV00034 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| COMMISSIONER OF SSA, | ) | By: B. Waugh Crigler |
| | ) | U. S. Magistrate Judge |
| Defendant. | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's October 6, 2005 applications for a period of disability, disability insurance benefits, and supplemental security income ("SSI") under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416, 423 and 1381 et seq., is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the court will RECOMMEND that an Order enter GRANTING defendant's motion for summary judgment, AFFIRMING the Commissioner's final decision, and DISMISSING this action from the docket of the court.

In a decision issued on December 21, 2006, an Administrative Law Judge ("Law Judge") found that plaintiff had not engaged in substantial gainful activity since her alleged disability onset date, May 23, 2005, and she was insured for benefits through 2010. (R. 17.) The Law Judge determined that the combination of her history of degenerative disc disease and shoulder

impingement syndrome was a severe impairment.[1] (R. 17.) It was further determined that her impairments, viewed alone or in combination, did not meet or equal a listed impairment. (R. 23.) The Law Judge was of the belief that plaintiff's statements and assertions were "not entirely credible." (R. 24.) The Law Judge found that plaintiff had the residual functional capacity ("RFC") to perform light exertional work which involves limited overhead reaching, no climbing of ladders, ropes or scaffolds, frequent climbing of ramps or stairs, frequent balancing, stooping, kneeling, crouching or crawling. (*Id.*) The Law Judge determined that plaintiff needed to avoid concentrated exposure to workplace hazards, such as moving machinery and unprotected heights, and avoid even moderate exposure to extreme cold. (*Id.*) The Law Judge concluded this RFC did not preclude plaintiff from performing her past relevant work ("PRW")[2] as the owner operator of a laundry mat. (R. 24-25.) Thus, the Law Judge ultimately found she was not disabled under the Act. (R. 26.)

Plaintiff appealed the Law Judge's December 21, 2006 decision to the Appeals Council. (R. 7-9.) The Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 7.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The

---

[1]The Law Judge found that plaintiff had a non-severe affective disorder. (R. 17.)

[2]Plaintiff's past relevant work consists of the following: kennel attendant, maintenance worker, janitor, grounds keeper/maintenance worker, apple sorter, fruit picker, painter/wallpaper, laundry worker, equipment maintenance person, and a small business owner. (R. 25.)

2

Regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In a letter brief filed with the court, plaintiff argues that her attorney did not provide her with effective representation. Plaintiff contends that if her attorney had done his job and obtained information from her treating source, Ava C. Stanczak, D.O., that the information would have altered the outcome of her case.

The Supreme Court has never recognized a constitutional right to counsel in Social Security proceedings. *See Brandyburg v. Sullivan*, 959 F.2d 555, 562 (5th Cir. 1992). Moreover, there is no indication of the substance of Dr. Stanczak's evidence, when the evidence may have come into existence, or the impact it likely would have had if it had been before the Commissioner in the first instance. Thus, the undersigned cannot find that the Commissioner's decision is not supported by substantial evidence, nor has good cause been shown to remand for further proceedings.

For all these reasons, it is RECOMMENDED the court enter an Order GRANTING defendant's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this action from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10)

days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

7-28-09
Date

4

Case 4:08-cv-00034-JLK-BWC   Document 14   Filed 07/28/09   Page 4 of 4   Pageid#: 28